### DEITCH v. MAHER.

(Supreme Court, Appellate Term. June 21, 1912.)

PRINCIPAL AND AGENT (§ 183*)—PARTY ENTITLED TO SUE—AGENT OF OWNER.
  One who acts merely as the agent and representative of a judgment debtor, whose property has been levied on by an officer under an execution, and who acts merely as a dummy in the transaction, is not entitled to sue for the conversion of the property.
  [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 691–700; Dec. Dig. § 183.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Deitch against Edward Maher. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Kramer, Cohn & Meyer, of Brooklyn, for appellant.
Goetz & Jacoby, of New York City, for respondent.

BIJUR, J. The evidence in this action for conversion establishes almost conclusively that the plaintiff was merely the agent and representative of the judgment debtor, upon whose property an execution was levied by the defendant, a city marshal. The goods were those used in and about a bakery, which by a number of instruments of transfer had been placed in the name of the plaintiff under circumstances which indicate clearly that he, who admitted on the stand that he was a workman in the clothing business, acted merely as a dummy in the transaction. It is impossible to escape the conclusion that the jury was affected by some consideration other than the evidence submitted.

Judgment in favor of plaintiff must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.